HAWTHORNE, Justice.
 

 The defendants Mozell Douglas and Napolean Thomas, charged with the crime of simple burglary denounced by R.S. 14:-62, were tried before a jury and adjudged guilty, and each was sentenced to serve three years at hard labor in the state penitentiary. They have appealed.
 

 After the case was submitted to this court for decision, a joint motion to dismiss the appeal of Napolean Thomas was filed by Thomas’s counsel and the State of Louisiana through the district attorney. Pursuant to this motion we shall dismiss the appeal as to this appellant, whose conviction and sentence will now become final. This leaves for our consideration the appeal of the appellant Mozell Douglas.
 

 There are no perfected bills of exception in the transcript of appeal, and the law of this state is well settled that in the absence of a bill of exception the judgment of the lower court will not be disturbed except where there is error patent on the
 
 *483
 
 face of the record. State v. Asher, 213 La. 131, 34 So.2d 399, and authorities cited.
 

 No error entitling the appellant Douglas to a reversal of his conviction has been found patent on the face of the record in this case. There is, however, an error patent on the face of the record which makes the sentence imposed on him null and void.
 

 The minutes in this case, which are a part of the record, disclose that both of the accused were found guilty as charged by the jury on October 28, 1965, and that the judge then and there, without delay, imposed sentence on each. After imposition of sentence counsel orally moved for a new trial in behalf of both accused, which was denied by the court. Each then sought and was granted a suspensive appeal to this court.
 

 Our law prohibits the immediate imposition of sentence after conviction unless the accused waives the delay allowed him by law and asks for imposition of sentence at once. See former R.S. 15:521; C.Cr.P. Art. 873.
 

 In State v. Mistich, 186 La. 174, 171 So. 841, this court held that the district judge was without right or authority to sentence a defendant prior to the expiration of the delay allowed by law, that such a sentence was premature and hence void, and that the fact that the defendant did not formally object to the imposition of sentence did not have the effect of waiving the delay within the meaning and contemplation of the law.
 

 In State v. George, 218 La. 18, 48 So.2d 265, this court stated that the delay between conviction and sentence is for the “purpose of affording an opportunity to an accused who has been convicted to file, prior to sentence, further pleadings, such as a motion for a new trial,” etc., and that if he is denied the right to this delay, the sentence so imposed is void.
 

 Again, in State v. Woods, 220 La. 162, 55 So.2d 902, the minutes, which this court said are deemed a part of the record, showed that the delay provided by law had not elapsed between conviction and sentence, and the court accordingly held that the sentence was premature and void. It was pointed out that the failure of the defendant to formally object did not have the effect of waiving the delay, and that “For the waiver to result, as we appreciate such provision [of R.S. 15:521], the accused must either request the imposition of sentence at once or make some declaration otherwise indicating an intention to waive the delay”.
 

 In State v. Cox, 243 La. 917, 148 So.2d 600, the minutes reflected, just as they do here, that the judge imposed sentence immediately after the verdict of guilty and without allowing the delay granted by law for the imposition of sentence. In annulling and setting aside the sentence in that case this court said: “This constitutes an
 
 *485
 
 error patent on the face of the record. LSA-R.S. 15:503. State v. Pitcher, 236 La. 1, 106 So.2d 695 (1958).” See also State ex rel. Cox v. Clemmons, 243 La. 264, 142 So.2d 794.
 

 According to the minutes in the instant case, no request was made for imposition of sentence immediately following conviction, and there was no declaration otherwise indicating an intention to waive the delay granted by law.
 

 For the reasons assigned the appeal of Napolean Thomas is dismissed; and as to the other appellant, Mozell Douglas, the sentence imposed upon him is annulled and set aside, and the case is remanded to the trial court for further proceedings, all pursuant to law.