274 So.2d 383 (1973)
STATE of Louisiana
v.
Johnny HAMPTON.
No. 53079.
Supreme Court of Louisiana.
March 8, 1973.
Dissenting Opinion March 20, 1973.
*384 John M. Stewart, Arcadia, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., J. Rush Wimberly II, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Johnny Hampton, was tried by a jury and found guilty of attempted aggravated rape and sentenced to serve six (6) years in the state penitentiary. (La.R. S. 14:27 and 14:42.) On this appeal, the defendant relies on one bill of exceptions to obtain a reversal.
However, we do not consider this bill, because there is an error discoverable on the face of the proceedings which merits our attention. La.C.Cr.P. art. 920. The Minutes show that the sentence was imposed before the expiration of the mandatory statutory delay, and there is no minute entry or showing of a waiver of samea patent error requiring remand. State v. Douglas, 250 La. 480, 196 So.2d 799 (1967); see also State v. Augustine, 263 La. 977, 270 So.2d 118, decided November 28, 1972.
La.Code of Criminal Procedure Article 873 provides:
"If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately."
Where the record does not disclose any waiver of the twenty-four hour delay in sentencing after the denial of the Motion for New Trial heard on March 3, 1972, and it is clear from the minutes that less than the mandatory delay had elapsed at the time of the sentencing, we note ex proprio motu, that the sentence is void, since imposed before expiration of the twenty-four hour delay and without waiver of same.
For these reasons, the sentence is annulled and set aside, and the case is remanded to the Second Judicial District Court for the Parish of Bienville, for resentencing in conformity with the law.
BARHAM, Justice (concurring in part and dissenting in part).
I concur in the finding by the majority that the sentence was illegally imposed and must be set aside. However, since I find that the indictment is fatally defective, I dissent from the decree remanding for resentencing.
The indictment charges that the defendant "committed the offense of ATTEMPTED AGGRAVATED RAPE as defined by L.R.S. 14:27 and L.R.S. 14:42 in that they [he] attempted to rape Thelma Ruth Thomas * * *". It is perfectly clear that this indictment fails to follow the short form prescribed by Code of Criminal Procedure Article 465 (charging attempt and *385 aggravated rape in combination) and that it does not conform to the requirements for the long form indictment set out in Articles 463 and 464.
It is also pertinent to note that Johnny Hampton, the defendant here, and Ira May, Jr., were jointly charged in the indictment, and that although a severance was attempted, no severance was actually had. For this additional reason I find the indictment invalid. See my concurrence in State v. St. Andre, 263 La. 48, 267 So.2d 190 (1972), and my dissent in State v. Williams, 263 La. 755, 269 So.2d 232 (1972).
The indictment should be quashed, and both the conviction and the sentence should be set aside.