PER CURIAM.
Defendant, Albert Reed, was tried by a jury and found guilty of possession of a controlled dangerous substance, to wit: heroin, with the intent to distribute and sentenced to five years at the state penitentiary. (La.R.S. 40:971). On this appeal, the defendant relies on seven bills of exceptions to obtain a reversal.
However, we do not consider these bills, because there is an error discoverable on the face of the proceedings which merits our attention. La.C.Cr.P. Art. 920. The Minutes show that the sentence was imposed before the expiration of the mandatory statutory delay, and there is no minute entry or showing of a waiver of same— a patent error requiring remand. State v. Douglas, 250 La. 480, 196 So.2d 799 (1967); see also State v. Augustine, 263 La. 977, 270 So.2d 118 (1972).
La.Code of Criminal Procedure Article 873 provides:
“If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.”
Where the record does not disclose any waiver of the twenty-four hour delay in sentencing after the denial of the Motion for a New Trial heard on October 5, 1972, and it is clear from the minutes that less than the mandatory delay had elapsed at the time of the sentencing, we note ex pro-prio motu, that the sentence is void, since imposed before expiration of the twenty-four hour delay and without waiver of same.
For these reasons, the sentence is annulled and set aside, and the case is remanded to the Criminal District Court, Parish of Orleans, Section “C”, for re-sentencing in conformity with the law.