284 So.2d 896 (1973)
STATE of Louisiana, Appellee,
v.
McArthur DAVIS, Appellant.
No. 53070.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
*897 Robert J. Boudreau, Edward D. Myrick, Anderson, Leithead, Scott, Boudreau & Savoy, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Davis was convicted of distributing a controlled dangerous substance, heroin. La.R.S. 40:971 (A)(1). He was sentenced to twenty-five years in the penitentiary. This is his second appeal.
On his first appeal, we noted that the defendant had been sentenced prior to the expiration of the three-day delay between his conviction and the sentence. La.C.Cr.P. Art. 873. Since such a sentence is void as illegally imposed, Official Revision Comment (b) to Article 873, State v. Augustine, 263 La. 977, 270 So.2d 118 (1972), State v. Douglas, 250 La. 480, 196 So.2d 799 (1967), State v. Mistich, 186 La. 174, 171 So. 841 (1937), it was set aside and the case remanded for re-sentencing. State v. Davis, 278 So.2d 130 (La.Sup.Ct.1973). The power of the reviewing court to remand for legal sentencing is well-recognized by the cited decisions, among many others. See also La.C. Cr.P. Art. 882 and State v. Johnson, 220 La. 64, 55 So.2d 782 (1951).
When the defendant appeared for re-sentencing, he filed a motion in arrest of judgment on the ground that the remand for re-sentencing constitutes double jeopardy. We find no merit to the contention thus raised:
The validity of the verdict of guilty is not affected when a sentence is set aside as illegal or as illegally imposed. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951). Where the guilt of an accused is established by regular verdict, correction of a sentencing error by re-sentencing does not constitute double jeopardy; the accused is not being twice tried or punished for the same offense, the court is merely substituting a lawful punishment for a sentence not authorized by law. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).
Neither do the other two perfected bills of exceptions present reversible error: (a) This court has consistently held that the provisions of Louisiana law inhibiting the service of women on juries, La. Const. Art. 7, Section 41 (1921), La.C.Cr. P. Art. 402, do not violate due process or equal protection rights of a defendant. State v. Womack, 283 So.2d 708 (La.Sup. Ct.1973); (b) We cannot say that the trial court abused its discretion by sustaining an objection to defendant's further cross-examination of a state witness, an informer, as to his own possible drug addiction. See, e. g., State v. Richardson, 258 La. 62, 245 So.2d 357 (1971).
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I am of the opinion that sex discrimination in the selection of juries is unconstitutional.
I reluctantly follow the majority until the United States Supreme Court has spoken on the identical issue pending before it.