291 So.2d 388 (1974)
STATE of Louisiana
v.
Albert WOODFOX.
No. 53998.
Supreme Court of Louisiana.
February 18, 1974.
*389 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John W. Sinquefield, Richard P. Ieyoub, Sp. Counsels to Atty. Gen., Leon A. Picou, Jr., Dist. Atty., for plaintiff-appellee.
Charles C. Garretson, New Orleans, for defendant-appellant.
MARCUS, Justice.
Defendant, Albert Woodfox, was indicted for murder by the Grand Jury of the Parish of West Feliciana. He was tried by a jury and found guilty as charged. He was sentenced to life imprisonment at hard labor. From his conviction and sentence, defendant appeals.
Defendant failed to perfect any bills of exceptions. In the absence of formal bills of exceptions, we are limited on appeal to a review of the pleadings and proceedings for discoverable errors. Articles 844 and 920 C.Cr.P.; State v. James, 258 La. 1018, 249 So.2d 116 (1971).
Defendant urges that error patent on the face of the record exists in that no action was taken by the trial court on defendant's motion to quash the Grand Jury indictment.
The record reveals that on June 15, 1972, defendant was arraigned and counsel was appointed by the court to represent him. On July 13, 1972, defendant filed in proper person a motion to quash the indictment. This motion appears in the record and basically alleges that the proceedings, investigations and findings of the Grand Jury were prejudicial and unfair. The minutes present in the record do not reflect that the motion was acted upon.
On September 15, 1972, present counsel was retained by defendant, and court-appointed counsel withdrew. Present counsel contends that at that time he was advised by defendant and court-appointed counsel that the motion had been overruled.
Trial commenced on March 5, 1973, approximately eight months after the motion to quash had been filed and six months after present counsel had been retained. After defendant's conviction, a motion for new trial was filed, alleging that the verdict was contrary to the law and evidence. No mention was made even here of the failure of the court to act on the previously filed motion to quash. The motion for new trial was denied, and defendant was sentenced. For the first time on appeal, defense counsel urges error resulting from the failure of the court to act on the motion to quash. He contends that he did not discover it until after defendant's conviction *390 and sentence. In oral argument, he stated that, because of his mistaken belief based upon information supplied to him that the motion to quash had been denied, he did not enter an objection nor reserve a bill of exceptions at commencement of or during trial to the court's failure to act on the motion. Defense counsel argued that failure by the trial judge to rule on the motion constitutes an error patent on the face of the record. We do not agree.
Failure of the trial judge to act on the motion to quash is not an error patent on the face of the record. It is an irregularity or error in the proceedings to which defendant must object and reserve a bill of exceptions to any adverse ruling of the court. Failure to do so constitutes a waiver of the objection and an acquiescence in the irregularity. Article 841 C.Cr.P. Hence, we find no merit in defense counsel's argument before this Court.
This conclusion, however, does not preclude defendant from seeking relief, on proper showing, by way of habeas corpus.
We have reviewed the record and find an error patent on the face thereof other than that urged by defense counsel. The minutes disclose that the sentence herein was imposed on the same date the motion for new trial was denied. No waiver of the mandatory delay provided by Article 873 of the Code of Criminal Procedure can be found in the minutes. Such a patent error requires a remand. State v. Hampton, 274 So.2d 383 (La. 1973); State v. Augustine, 263 La. 977, 270 So.2d 118 (1972); State v. Douglas, 250 La. 480, 196 So.2d 799 (1967).
Accordingly, for the reasons assigned, the conviction is affirmed; the sentence imposed is annulled and set aside; and the case is remanded to the Eighteenth Judicial District Court, Parish of Iberville, for resentencing in accordance with law.
DIXON, J., concurs.