526 So.2d 431 (1988)
STATE of Louisiana
v.
William H. CONGER
No. KA-7478.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Harry Connick, Dist. Atty., Terry M. Boudreaux, Asst Dist. Atty., William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., New Orleans, for State.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, William H. Conger, appeals his resentencing on one count of forgery as a triple offender to serve eight years at hard labor. He argues that the sentence is excessive and assigns other errors. Finding these assignments without merit, we affirm the defendant's sentence.
Defendant was found guilty of two counts of forgery in violation of R.S. 14:72 after a jury trial on October 12,1983. The State filed a multiple offender bill November 8, 1983. The defendant was sentenced as a multiple offender to serve eight years at hard labor. He appealed his conviction and this court amended and remanded the case, finding that the imposition of separate convictions for the elements of forgery under R.S. 14:72 violated the ban against double jeopardy. State v. Conger, 483 So. 2d 1100 (La.App. 4th Cir.1986). This court remanded the case for resentencing because the trial court had not clarified whether the sentence of eight years at hard labor was intended to be eight years on each count running concurrently or four years on each of the two counts running consecutively. *432 At the hearing on June 4, 1986, defendant was resentenced to serve eight years at hard labor. The issue before this court now is whether that sentence is excessive.
Article 1, section 20 of the La. Constitution protects a defendant against an excessive sentence. La.C.Cr.P. Art. 894.1 A. sets forth three factors which support a sentence of imprisonment. Subsection C of Art. 894.1 provides that the "court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." In the case at bar the judge states that the sentence was imposed under Art. 894.1 A, (1), (2) and (3). However, he did not specifically enumerate for the record the factors he considered and the basis for imposing sentence as mandated by Art. 894.1 C.
In State v. Smith, 430 So.2d 31 (La. 1983), the Supreme Court analysed a situation similar to the case at bar and held:
(t)he trial court's failure to comply with art. 894.1 does not, in and of itself, render a sentence invalid. We will uphold the sentence if the record clearly illumines the sentencing choice. [Cite omitted] The record must reflect that the sentence is not excessive. 430 So.2d at 46.
We find the record does support the sentencing choice. La. R.S. 14:72 provides "(w)hoever commits the crime of forgery shall be ... imprisoned ... for not more than 10 years...." In State v. Berthelot, 513 So.2d 1228 (La.App. 4th Cir.1987), when this court found sentences of ten years on each of two counts of forgery to be served consecutively not excessive, the Supreme Court corrected the sentence so that the two counts would be served concurrently. State v. Berthelot, 516 So.2d 127 (La.1987). Because the defendant in the case at bar was sentenced as a triple offender, he could receive between five and twenty years according to R.S. 15:529.1(A)(2)(a). Thus, considering that the defendant is a multiple offender and that the record does not reveal any mitigating circumstances which would justify a lesser sentence under C.Cr.P. Art. 894.1, a sentence of eight years is not excessive punishment.
In a second assignment of error, the defendant argues that he did not receive effective assistance of counsel because the courts have refused to permit him to represent himself on appeal. This issue is properly raised by an application for habeas corpus not on appeal. State v. Lewis, 372 So.2d 1192 (La.1979); State v. Ross, 343 So.2d 722 (La.1977); State v. Mouton, 327 So.2d 413 (La.1976).
Defendant alleges in a third assignment of error that the resentencing hearing violated the ban against double jeopardy. The Supreme Court spoke directly on this point in State v. Davis, 284 So.2d 896 (La.1973), cert. den. 420 U.S. 907, 95 S.Ct. 825, 42 L.Ed.2d 836 (1975); the court declared:
(w)here the guilt of an accused is established by regular verdict, correction of a sentencing error by re-sentencing does not constitute double jeopardy.... 284 So.2d at 987.
Thus this assignment is without merit.
Finally, the defendant alleges that a South Dakota conviction for forgery was improperly used in charging him as a multiple offender in the case at bar because he was not properly Boykinized in that conviction. However, when the state uses a non-Louisiana guilty plea in an enhancement proceeding, it is required only to prove that the defendant pled guilty with representation of counsel. In this case, the record contains a guilty plea from South Dakota showing that the defendant was represented by counsel and that he was advised of his rights. There is no merit in this assignment of error.
Accordingly, for the reasons stated above, the sentence is affirmed.
AFFIRMED.