631 So.2d 1171 (1994)
STATE of Louisiana
v.
Constance DILLON.
No. 93-KA-707.
Court of Appeal of Louisiana, Fifth Circuit.
January 24, 1994.
John M. Mamoulides, Dist. Atty., Louise Korns, William Faust, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for appellee.
Bruce G. Whittaker, Gretna, for appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
WICKER, Judge.
Constance Dillon was convicted as charged following a bench trial. She was found guilty of La.R.S. 40:1033, possession of drug paraphernalia. Dillon was sentenced to three months imprisonment in parish prison. She timely filed a motion for appeal. We note at the outset Dillon was convicted of a misdemeanor. La.R.S. 40:1033; La.R.S. 40:1035 A. While this court does not have appellate jurisdiction to review the misdemeanor offense not triable by jury, in the interest of judicial economy we consider the appeal as an application for supervisory writs. State v. Maxwell, 554 So.2d 769 (La.App. 5th Cir. 1989) at 770 n. 1.
Dillon assigns the following errors:
1. The trial court erred in not granting appellant's motion to suppress, and
2. Errors patent.
On October 13, 1992 Dillon's counsel filed a motion to suppress the evidence. The evidence seized and introduced at trial consisted of two "crack pipes". The motion to suppress was initially set for October 26, 1992. The minute entry for that date indicates that both Dillon and her counsel were present on the 26th and that the matter was continued to October 28, 1992. Both were present on the 28th when it was again continued to October 29, 1992. On October 29, 1992 this matter proceeded to trial. The minute entry indicates the motion was "satisfied by the defense counsel." The transcript on that date makes no mention of any ruling on the motion to suppress. Additionally, the matter proceeded to trial with no objection by defense counsel that the hearing on the motion to suppress had not been conducted.
During the course of trial defense counsel specifically stated he had no objection to the introduction of the two pipes. Under these circumstances we consider the objection to the admissibility of the evidence to be deemed waived. La.C.Cr.P. art. 841(A).
Although defense counsel correctly notes La.C.Cr.P. art. 841(B) provides: "an objection shall not apply to the court's ruling on any written motion," there is no such ruling before us and the matter proceeded to trial with defense counsel's acquiescence.
*1172 In a similar case the Louisiana Supreme court considered the defendant to have acquiesced when he went to trial with the trial court's failing to rule on his previously filed motion to quash. See State v. Woodfox, 291 So.2d 388 (La.1974).
We have also reviewed the record for error patent and note the following.
The transcript reflects that in sentencing the defendant, the trial court erred in failing to award the defendant credit for time served although the minute entry portion of the commitment states that the defendant was given credit for time served. The sentence is hereby amended to confirm the minute entry portion of the commitment and to give Dillon "credit toward service of her sentence for time spent in actual custody prior to the imposition of sentence" as mandated by La.C.Cr.P. art. 880. State v. Sherman, 532 So.2d 908, 908 (La.App. 5th Cir.1988).
For the reasons stated, the conviction is affirmed and the sentence is affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED AFFIRMED.