956 So.2d 750 (2007)
STATE of Louisiana, Appellee
v.
Brandon ROBERT, Appellant.
Nos. 42,036-KA, 42-037-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
*751 W. Jarred Franklin, Louisiana Appellate Project, for Appellant.
Don M. Burkett, District Attorney, Richard Zemry Johnson, Jr., Assistant District Attorney, for Appellee.
*752 Before BROWN, STEWART, and PEATROSS, JJ.
BROWN, Chief Judge.
Defendant, Brandon Robert, was found guilty at a bench trial of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1, and aggravated assault, a violation of La. R.S. 14:37. He was sentenced to ten years at hard labor without benefit of probation, parole or suspension on the firearm charge and six months on the aggravated assault conviction. The sentences were ordered to be served concurrently. Defendant has appealed both convictions and sentences. For the following reasons, we reverse the aggravated assault conviction and vacate the six-month sentence, and affirm the possession of a firearm by a convicted felon conviction and ten-year sentence.

Facts
On April 1, 2006, defendant went to Robert "Bobby" McCrory's house. Sometime during the visit, defendant allegedly placed a knife to the throat of McCrory and pointed a .22 caliber rifle at him. Shortly after this alleged altercation took place, McCrory's cousin, Patsy Greer, saw defendant on McCrory's porch with a rifle in his hand so she called the police. Upon arriving at the scene, the police officers were informed by Ms. Greer and McCrory that defendant had gone into McCrory's trailer with the rifle. After 45 minutes of failed attempts to get defendant to exit the trailer peacefully, the officers decided to make a forced entry into the residence. Upon their entry the officers found defendant lying on a couch and immediately apprehended him, confiscating a .22 caliber rifle and a knife from his surrounding area.

Discussion
Sufficiency of the Evidence
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). This standard was legislatively adopted in La. C. Cr. P. art 821 and applies to cases involving direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
In the present case, defendant argues that there is insufficient evidence to support a conviction for aggravated assault since the only witness to the alleged aggravated assault testified that he was drunk and did not have any recollection of the incident. We agree.
La. R.S. 14:37 defines aggravated assault as an assault committed with a dangerous weapon. An assault is defined as either an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. La. R.S. 14:36.
Defendant's conviction for aggravated assault was based on McCrory's initial statement to police and Ms. Greer that *753 defendant had put a knife to his throat and threatened to kill him. Although Ms. Greer and the police officers testified that McCrory made the statement, McCrory himself testified that he did not recall anything from that night.
La. C.E. art. 607(D)(2) permits the introduction of a prior inconsistent statement, even though it is hearsay, for the limited purpose of attacking the credibility of a witness. State v. Cousin, 96-2973 (La.04/14/98), 710 So.2d 1065. Although such evidence is admissible for impeachment, the Louisiana Supreme Court has steadfastly recognized that "when a witness other than the defendant is impeached by the admission of a prior inconsistent statement incriminating the defendant, the statement is admissible only on the issue of credibility and not as substantive evidence of the defendant's guilt." State v. Ray, 259 La. 105, 249 So.2d 540, 542 (La.1971).
In accordance with La. C.E. art. 607(D)(2), McCrory's prior inconsistent statement to Ms. Greer and the police can be used to attack his credibility but not as evidence that an aggravated assault occurred. Thus, since neither Ms. Greer nor the police officers were witnesses to an assault and since McCrory's prior inconsistent statement cannot be used as evidence, there is no evidence to support a conviction for aggravated assault. Accordingly, the conviction for aggravated assault is hereby reversed and defendant's six-month sentence is vacated due to insufficiency of the evidence.
Defendant next contends that there is insufficient evidence to support a conviction for possession of a firearm by a convicted felon since both of the state's witnesses were intoxicated and because the police merely found the firearm in his presence, not on his person.
To support a conviction of possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Tatum, 27,301 (La.App.2d Cir.09/27/95), 661 So.2d 657.
Prior to this incident, defendant had been convicted of possession of a Schedule II controlled dangerous substance, a felony offense. He was convicted on February 22, 2006, which was within the ten-year statutory period of limitation. Thus, the controverted elements of the offense are whether defendant possessed a firearm and had the requisite intent to commit the offense.
The state may establish the possession element of the offense by proving actual or constructive possession of the weapon. State v. Day, 410 So.2d 741 (La. 1982). Constructive possession occurs when a firearm is subject to the defendant's dominion and control even when the defendant's dominion and control are only temporary in nature and control is shared. State v. Wesley, 28,941 (La.App.2d Cir.12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603. Constructive possession contains an element of awareness or knowledge that the firearm is there and a general intent to possess it. State v. Evans, 29,675 (La. App.2d Cir.09/24/97), 700 So.2d 1039, writ denied, 97-2942 (La.01/09/98), 705 So.2d 1121. When the perpetrator has not carried the firearm on his person, the state must show that the defendant intended to possess it rather than a mere acquiescence to the fact that there was a firearm in his presence. State v. Neeley, 30,008 (La. App.2d Cir.12/23/97), 704 So.2d 443.
*754 Ms. Greer's testimony that she saw defendant on McCrory's porch holding a gun or rifle establishes actual possession. Furthermore, when the police officers entered the premises in which defendant was located, they found the rifle within his reaching distance. This clearly corroborates Ms. Greer's direct testimony. In addition, it was adequate to prove constructive possession.
While Ms. Greer's testimony establishing actual possession conflicts with defendant's testimony that he was holding a pipe and not a gun, it is the trier of fact that assesses credibility and resolves conflicting testimony. Therefore, upon viewing the evidence in the light most favorable to the state, any rational trier of fact could find that the state proved all elements of the offense of possession of a firearm by a convicted felon beyond a reasonable doubt. The evidence presented by the state was sufficient to prove that defendant had actual possession of the weapon, and this possession was enough to sustain a conviction on the charge of a felon in possession of a firearm, La. R.S. 14:95.1. Accordingly, defendant's conviction for possession of a firearm by a convicted felon is affirmed.
Waiver of Jury
Defendant next argues that his conviction should be reversed and sentence vacated because the state failed to obtain a knowing and intelligent waiver of his right to a trial by jury on the felony charge of possession of a firearm by a convicted felon.
The state, however, argues that defendant did give a knowing and intelligent waiver of his right to a trial by jury on the felony charge and it supplemented the record with the transcript of that waiver.[1] The waiver colloquy reads as follows:
THE COURT: Mr. Robert, your attorney has advised me that you wish to waive your right to a jury trial and be tried by a judge alone. Is that your understanding?
THE DEFENDANT: Yes sir.
THE COURT: And you're willing to do that?
THE DEFENDANT: Yes sir.
THE COURT: Okay. The waiver of a jury trial is entered for the record at this time and we'll set it down for a bench trial. We'll get together and see if we're all available tomorrow.
Thus, based on the supplemented record it is clearly evident that defendant was advised of his right to a trial by jury and he made a valid waiver before the court.
Delay in Sentencing
Defendant further contends that the sentence is void because the trial court failed to wait the requisite three-day period between conviction and sentence without obtaining an express waiver as required by La. C. Cr. P. art. 873.
La. C. Cr. P. art. 873 provides in pertinent part:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
In support of his argument, defendant cites State v. Barnard, 287 So.2d 770 *755 (1973), in which the court held that when a sentence is imposed prior to the delay provided by law and without a waiver of the delay, the sentence imposed is null and must be set aside. In such instances, the conviction stands, but the case is remanded for resentencing. State v. Davis, 278 So.2d 130 (La.1973); State v. Douglas, 250 La. 480, 196 So.2d 799 (1967).
However, La. C. Cr. P. art. 921 provides that a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997), involved a mandatory death sentence case in which the trial judge held no discretion in the term of years to be imposed. The court held that "[d]elay or no delay, the sentence the judge was required to impose would have been the same. Thus, no prejudice could possibly have resulted from the failure of the court to comply with the delay. . . . Absent a showing that prejudice resulted from the failure to afford the statutory delay, reversal of the prematurely imposed sentence is not required." (Citation omitted). See also State v. Drane, 36,230 (La. App.2d Cir.09/18/02), 828 So.2d 107, writ denied, 02-2619 (La.03/28/03), 840 So.2d 566.
Possession of a firearm by a convicted felon carries a mandatory minimum penalty of 10 years at hard labor and a $1,000 fine, and a maximum possible penalty of 15 years at hard labor and a $5,000 fine. La. R.S. 14:95.1(B). Since the trial court was obligated to impose a minimum sentence of 10 years, no prejudice could possibly have resulted from the failure of the court to comply with the delay. Accordingly, we find that defendant's argument is without merit and that the imposed sentence should not be set aside.[2]
Excessive Sentence
In his last assignment of error defendant argues that his sentence of 10 years at hard labor without benefit of probation, parole or suspension of sentence, is grossly disproportionate to the crime allegedly committed and represents nothing more than the needless imposition of pain and suffering. He contends that nothing in the record indicates such a sentence is necessary to avoid further criminal activity by himself or damage to society.
The mandatory minimum sentence for the offense of possession of a firearm by a convicted felon is 10 years at hard labor without benefit of probation, parole or suspension of sentence. Defendant received the minimum sentence, which is not too severe given the circumstances of the case and defendant's background. Defendant was arrested for the instant offense within one week after being placed on probation for a prior conviction.
Based on the record, there is no constitutional error. There is no showing of an abuse of the district court's discretion in the imposition of this sentence, and the sentence is not unconstitutionally excessive. We will therefore uphold the sentence imposed by the trial court.

*756 Conclusion

For the foregoing reasons, we hereby reverse defendant's conviction for aggravated assault and vacate the six-month sentence due to insufficiency of the evidence. Defendant's conviction and ten-year sentence for possession of firearm by a convicted felon, however, are affirmed.
NOTES
[1] The state does not know why the record that was sent to this court did not include the waiver.
[2] The record indicates that in sentencing defendant for the firearm conviction, the trial court failed to impose a fine as required by La. R.S. 14:95.1(B). Accordingly, defendant's sentence is illegally lenient. La. C. Cr. P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. Since the language of Article 882 is permissive rather than mandatory, and neither the state nor defendant raised an objection, the illegally lenient sentence will not be corrected. State v. Brown, 03-581 (La.App. 5th Cir.11/12/03), 861 So.2d 644, writs denied, 03-3407, 04-0049 (La.04/02/04), 869 So.2d 875, 877.