BROWN, C.J.
This criminal appeal arises from the 26th Judicial District Court, Parish of Webster, the Honorable Parker Self presiding. On April 26, 2017, following a jury trial, Defendant, Germylun K. Hawkins (a.k.a. "Geno"), was convicted as charged of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. On June 12, 2017, Defendant was sentenced to serve 15 years at hard labor. For the following reasons, Defendant's conviction and sentence are affirmed.
FACTS
On December 1, 2016, Defendant was charged by bill of information with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. The case proceeded to trial and on April 26, 2017, a jury found Defendant guilty as charged by a 10 to 2 vote.
On May 26, 2017, Defendant filed a motion for post-verdict judgment of acquittal and a motion for new trial, alleging that the evidence adduced at trial was insufficient to prove that he had possessed a firearm.
On June 12, 2017, the trial court denied both motions. On July 24, 2017, following a hearing, the trial court sentenced Defendant to 15 years at hard labor. On July 31, 2017, Defendant filed a motion to reconsider *901 sentence, which was denied on September 6, 2017.[1]
The instant appeal followed.
DISCUSSION
Defendant argues that the State failed to prove his possession of a firearm because the testimony of the State's witnesses was internally contradictory and irreconcilable with the physical evidence. Defendant notes that police found six .380 shell casings in one location and a 9mm handgun incapable of firing .380 bullets in a separate location on a different date. Defendant claims that the State failed to establish through any type of scientific analysis that he ever possessed the 9mm handgun or handled the .380 shell casings.
Defendant further contends that although one of the state's witnesses, LaQuisha Kimble, testified that she saw him shooting a gun in her direction, her testimony is not credible given the testimony of other witnesses and based on Ms. Kimble's admission that she does not know Defendant. Defendant also discounts the testimony of Felicia Sims, who stated that she saw Defendant running away from the scene of the shooting, given her distance from the alleged shooting and the fact that it was dark outside.
The State counters that the jury accepted the testimony of the State's witnesses that a shooting occurred near where six .380 shell casings were located, and that the shooter was Defendant.
The following evidence was adduced at trial.
On October 23, 2016, the Minden Police Department received a call regarding a shooting on Chestnut Street in Minden, Louisiana. When Officer Brandon Coker responded to the scene, he was approached by several people who stated that Defendant, Germylun K. Hawkins (a.k.a. "Geno"), was shooting at a house on Chestnut Street. Officer Coker searched the area and discovered six .380 shell casings on the pavement in the intersection of Chestnut Street and Long Street. No gun was recovered.
On the evening of November 6, 2016, while investigating a tip regarding Defendant's whereabouts, Officer Coker encountered a crowd of people a few blocks from where the shooting had occurred. As he approached, the group quickly dispersed. Officer Coker found an unloaded weapon, a Hi-Point 9mm handgun, lying in a yard near where the crowd had been gathered.
Several days later, Officers Coker, Jesse Cutrer, and Shawn Jenkins went to Defendant's house to execute a warrant for his arrest. Defendant took off running as the officers began approaching him. Defendant was caught and arrested after a brief foot pursuit.
During cross-examination, Officer Coker stated that LaQuisha Kimble, one of the witnesses he spoke to at the scene of the shooting, told him that the car she had been riding in had been struck by a bullet and that her son was struck by a stray bullet. These statements were not supported by the physical evidence, however, because Officer Coker found no bullet holes or evidence of property damage and did not find any signs of physical injury on the child. Officer Coker conceded that the .380 shell casings he found on the scene of the shooting could not have been discharged from the 9mm handgun he recovered a few days later.
*902 Owen McDonnell, an expert in crime scene reconstruction and analysis, opined that it would be highly unlikely to find DNA or fingerprints on either the .380 shell casings or the 9mm handgun and therefore, the investigators reasonably chose not to send the evidence to a crime laboratory for analysis.
Donald "Juice" Sims testified that two days before the shooting, he had an argument with Defendant, who had attempted to "jump" Donald's 15-year-old cousin, Arien "A.J." Kimble. Donald offered to fight Defendant in place of the teenager, but Defendant declined. Later, however, Defendant told Donald that he wanted to fight him.
Donald testified that on the evening of October 23, 2016, he got a ride to his house at 609 Chestnut Street from family friend Destiny Butler. Also in the truck were his aunt LaQuisha Kimble, and his sister Kiara Sims. LaQuisha and Kiara stayed in Destiny's truck while Donald went inside the house. His cousin Christopher, LaQuisha's son, was standing outside of the truck. Donald forgot his cell phone in the truck and had to go back outside to get it. As soon as he went back inside the house, Donald heard gunshots. He went back outside and overheard his cousin, Wytianna Kimble, say that she saw Defendant running on the side street after the shooting. Donald testified that he never saw Defendant at his house at 609 Chestnut that evening.
Felicia Sims, Donald's mother, testified that she was inside her house on October 23, 2016, when she heard four or five gunshots. She called the police, walked outside and saw Defendant, who was wearing a dark hooded sweatshirt, running away. Felicia also saw Wytianna Kimble and a group of boys walking "up the road." Felicia stated that she overheard Wytianna tell the boys that "[m]y man not going to jail for that." Felicia testified that Wytianna referred to her "man" as "Geno".
Kiara Sims testified that she was sitting in Destiny Butler's truck on October 23, 2016, when she saw Defendant shooting in the direction of Destiny's truck. A day or so later, Kiara saw a group of people on the street. In the center of the group she saw her cousin Henry Brown. Kiara then saw "them" hit Brown over the head with a gun. Henry later told Kiara that Defendant had been the one to "pistol whip" him. Kiara admitted on cross-examination that she suffers from psychiatric issues and had taken Seroquel, a prescription medication that makes her sleepy and unfocused, the night she saw Henry Brown. Kiara testified that she saw who was in the crowd, but not who was hitting Henry with the gun. Kiara stated that she had not consumed any medication on the night of the shooting. Kiara, who was reluctant to testify at first, stated that someone in Defendant's family had threatened to harm her if she came to court and testified truthfully.
Arien "A.J." Kimble corroborated Donald Sims' testimony and confirmed that he "had words" with Defendant in October of 2016. A.J. stated that he saw Defendant holding a B.B. gun on the same day as, but before the time of, the shooting. However, A.J. testified that he never saw Defendant shoot a gun.
LaQuisha Kimble testified that on the day of the shooting, Defendant had followed her, Donald Sims, Kiara Sims, and Destiny Butler to LaQuisha's home on Chestnut Street. Donald went into the house while the others stayed in the truck. Donald came back out to the truck to get his cell phone. As Donald was going back into the house, LaQuisha saw Defendant walking toward the truck. According to LaQuisha, Defendant then "just started shooting." LaQuisha's son Christopher, *903 who was standing outside the truck, thought that he had been shot. LaQuisha pulled her son into the car and told Destiny to drive off. As Destiny drove, LaQuisha called 911. When asked whether she was sure that Defendant was the person who shot at her, LaQuisha stated, "I know he was." LaQuisha said she had known of Defendant for about three years, but didn't know him well. She admitted that it was dark on the night of the shooting.
Wytianna Kimble testified next. When asked what kind of relationship she has with defendant, she stated, "I don't know him like that. I know of him." She denied having a romantic relationship with Defendant. She also denied being present when the shooting occurred or telling anyone that her "man" shot at anyone. Wytianna admitted that she had maintained a Facebook account under the name "Serinity Williams" for about a year, and that a message was sent from her FB account to Defendant. According to Wytianna, her FB account was "hacked," because she did not send the message (or any of the romantic messages to Defendant) from the account. The message read:
Tried to hit me with a felony charge 'cause of the gun they found. But lay low, brother, they stay on feet. They asked me were you with us last night. I said no.
Henry Brown, who at the time of trial was in jail for a probation violation, confirmed that he told police that Defendant had beaten him over the head with a gun on October 25, 2016. The attack left Henry with a concussion and a fractured wrist. However, at trial Henry said that he was not sure who hit him. He also denied telling the prosecutor and Detective Barnette a couple of days before trial that he witnessed Defendant firing shots on Chestnut Street on October 23, 2016.[2]
Minden Police Detective Ryan Barnette testified that, contrary to his trial testimony, Henry Brown told him that he saw Defendant commit the shooting on Chestnut Street and that it was Defendant who beat him over the head with a handgun several days after the incident on Chestnut Street. Henry Brown's interview, which took place the day after he was attacked, was recorded and the video recording was played in court for the jury.[3] In the recording, Henry said that he was "100% positive" that he saw Defendant commit the shooting on Chestnut Street and "100% positive" that Defendant was the person who hit him over the head with a gun. According to Henry, Defendant was wearing a hoodie when he fired the shots on Chestnut Street.
Detective Barnette also identified an audio recording of a telephone conversation that Defendant had with his mother, Makeisha Hawkins, while he was in jail awaiting trial.[4] In the recording, Defendant told his mother that he believed his charges would be reduced, and that he "might cop out" and plead guilty to possession of a firearm by a convicted felon.
On cross-examination, Detective Barnette testified that Destiny Butler told him something different than what she initially told responding officers. What she told Det. Barnette was that she could not see the shooter to identify him.
*904 Destiny Butler testified for the defense. She stated that on October 23, 2016, she took LaQuisha Kimble and Kiara Sims to the store and was in the process of dropping them off at their house on Chestnut Street. Donald Sims came out to her truck and then went back inside the house. As LaQuisha and Kiara were preparing to get out of the truck, Destiny heard gunshots. Everyone put their heads down, LaQuisha grabbed her son from outside the truck, and Destiny drove away. Destiny testified that it was dark outside, and that her truck was facing away from the shooter, so she could not identify the shooter. Destiny did not see Henry Brown or Wytianna Kimble in the area where the shooting occurred. Destiny claimed that she never told police that Defendant was the shooter. Instead, according to Destiny, police officers showed her a photograph which she confirmed to be a photograph of Defendant. According to Destiny, she was not saying the Defendant did the shooting, just that it was him in the photograph.
Officer Coker testified as a rebuttal witness for the state. According to Off. Coker, Destiny told him when he arrived at the scene the night of the shooting that Defendant was the shooter. Officer Coker stated that he never showed Destiny any photographs.
At trial, the State and the Defense stipulated that Defendant pled guilty to simple burglary, a felony, on May 22, 2015. Peter Goeders, Defendant's probation officer, testified that Defendant was advised that he was not permitted to carry a firearm because he had a felony conviction.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) ; State v. Tate , 01-1658 (La. 05/20/03), 851 So.2d 921, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed. 2d 248 (2004) ; State v. Robinson , 50,643 (La. App. 2d Cir. 06/22/16), 197 So.3d 717, writ denied , 16-1479 (La. 05/19/17), 221 So.3d 78. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford , 05-0477 (La. 02/22/06), 922 So.2d 517 ; State v. Robinson , supra .
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442 ; State v. Mitchell , 50,188 (La. App. 2d Cir. 11/18/15), 181 So.3d 800, writ denied , 15-2356 (La. 01/9/17), 214 So.3d 863. A reviewing court affords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Mitchell , supra ; State v. Eason , 43,788 (La. App. 2d Cir. 02/25/09), 3 So.3d 685, writ denied , 09-0725 (La. 12/11/09), 23 So.3d 913, cert. denied , 561 U.S. 1013, 130 S.Ct. 3472, 177 L.Ed. 2d 1068 (2010).
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Crossley , 48,149 (La. App. 2d Cir. 6/26/13), 117 So.3d 585, writ denied , 13-1798 (La. 02/14/14), 132 So.3d 410 ; State v. Speed , 43,786 (La. App. 2d Cir. 1/14/09), 2 So.3d 582, writ denied , 09-0372 (La. 11/06/09), 21 So.3d 299. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
*905 State v. Johnson , 47,913 (La. App. 2d Cir. 04/10/13), 113 So.3d 1209.
To support a conviction of possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La. R.S. 14:95.1 ; State v. Husband , 437 So.2d 269 (La. 1983) ; State v. Robert , 42,036 (La. App. 2d Cir. 05/09/07), 956 So.2d 750.
The stipulation by the parties that Defendant pled guilty to simple burglary, a felony, on May 22, 2015, proved two of the four requisite elements of possession of a firearm by a convicted felon. The remaining elements, Defendant's possession of a firearm and his general intent to commit the offense, were established through the testimony of various trial witnesses. Both LaQuisha Kimble and Kiara Sims testified that they were sitting in Destiny Butler's truck when they saw Defendant shooting a gun. Their testimony was corroborated by the six .380 shell casings found at the scene, and by the testimony of Felicia Sims, who stated that she saw Defendant flee the scene immediately after the shooting. The jury's decision to accept the testimony of LaQuisha, Kiara, and Felicia as credible is entitled to great deference. Furthermore, and contrary to Defendant's assertions, their testimony was not internally contradictory, nor was it irreconcilable with any physical evidence. Destiny Butler's contradictory testimony, i.e. , that the shooter could not be seen due to the time of night and the direction of her vehicle, was reasonably rejected by the jury, particularly considering the testimony of Officer Coker that Destiny Butler told him upon his arrival at the scene of the shooting that Defendant was the shooter.
This assignment of error lacks merit.
CONCLUSION
For the reasons set forth above, Defendant's conviction and sentence are affirmed.
AFFIRMED.

The motion for reconsideration of sentence was denied after a hearing. The record does not contain a transcript of the hearing, but the minutes indicate that the State and Defendant submitted on their briefs.

Caddo Parish Sheriff's Deputy Roston Roby testified that he transported Defendant and Henry Brown from Bayou Dorcheat Correctional Center to court for trial and that the men sat next to each other in the back seat of the patrol car.

The video recording was admitted into evidence as State's Exhibit 18.

The audio recording and a corresponding transcript were admitted into evidence as State's Exhibits 19 and 20.