STEPHEN J. WINDHORST, Judge.
12Pefendant, Dedrick Marshall, was convicted of one count of second degree battery violation of La. R.S. 14:34.1, and one count of attempted false imprisonment while armed with a dangerous weapon in violation of La. R.S. 14:27/46.1. He was sentenced to three years at hard labor on each count, with both sentences to run concurrently. Defendant now appeals from his conviction and sentence, contending that the trial court erred in allowing the admission of other crimes evidence at his trial. For the reasons that follow, we affirm defendant’s convictions and sentences.
The following was adduced at trial. Defendant and the victim, Iesha Wells, were in a relationship for approximately 10 years and had one child together. Ms. Wells also had a daughter who was an infant when the two met, and defendant treated the child as if she were his child. During their time together, defendant had repeatedly accused Ms. Wells of infidelity, which she denied. At the time of the incident, the couple was residing together at 2708 Destrehan Ave., Apt. B, in Harvey, Louisiana.
3In the afternoon hours of June 5, 2012, defendant had dropped their children off at Ms. Wells’ place of employment, and as a result she had to leave work. Upon arriving at their apartment, Ms. Wells saw defendant taking items from the house, and she called the police. Defendant stated that he did not want to be in the relationship anymore. Upon instruction from the police, defendant gave Ms. Wells the keys to the apartment. After the police advised defendant not to return, he left.
Ms. Wells returned to the apartment at approximately 8:00 or 9:00 P.M. that evening and found defendant was there. He said that he wanted to reconcile. He went to sleep downstairs while Ms. Wells went to sleep upstairs.
When Ms. Wells awoke at approximately 6:00 A.M. the following morning, defendant was on top of her, punching her in the face and pulling her hair. Ms. Wells testified that even before she woke up, defendant had already punched her in the eye. As she became conscious, Ms. Wells began to fight back. The two went downstairs, where defendant grabbed a knife from the kitchen and told Ms. Wells that if he could not have her, then nobody could have her. He accused her of infidelity, wrapped his hand around her hair, and cut it off. He then went outside and slashed all four tires on her vehicle so that she could not leave. When defendant went outside, Ms. Wells called 911.
By the time the police arrived, defendant had re-entered the apartment. When the responding officers knocked at her door, defendant put a knife to Ms. Wells’ back and demanded that she not answer the knock at the door. Receiving no response, the police left.
In an attempt to get out of her apartment, Ms. Wells then falsely admitted to defendant that she cheated on him. She offered to bring him to her non-existent boyfriend’s home. Ms. Wells got into a *1159 truck with defendant and the two began to ride around under the pretense of finding the man with whom she had been having |4an affair. Ms. Wells knocked on a random door, which was answered by Sheryl Wall. Ms. Wells asked for help, relating that defendant was beating her, and had been doing so since 5:30 that morning. Ms. Wall pulled Ms. Wells into the home for safety, and they called the police. After Ms. Wells went into Ms. Wall’s home, defendant went to the door and started beating on it. Defendant was told that the police had been called, and he left.
Deputy Chad Mackie and Deputy Kevin McGuffie of the Jefferson Parish Sheriffs Office responded to a disturbance call at 3837 Deer Run Lane in Harvey, which was Ms. Wall’s home. When they arrived at the residence, there was a West Jefferson EMT unit parked out front. Deputy Mackie went inside the EMT unit where he saw the victim, Ms. Wells. She was “scared, upset, and crying,” her cheek bone and eye were swollen, and it appeared that parts of her hair had been cut. Ms. Wells related that her boyfriend, De-drick Marshall, had injured her. She indicated that he fled the scene in a blue pickup truck and was likely going home because that was where their children were.
Deputy McGuffie left the scene to pursue defendant, whom he apprehended outside of the Destrehan Avenue apartment. Deputy Mackie arrived, and defendant was placed in the back of Deputy Mackie’s vehicle. Both Deputy McGuffie and Deputy Mackie observed a van in the parking lot that had four flat tires.
At trial, Deputy Mackie also testified that he had responded to a hang-up 911 call at 2708 Destrehan Avenue, where defendant lived, at approximately 8:00 or 9:00 that same morning. Deputy Mackie knocked on the door of the residence, but the windows were closed, the door was locked and no one answered. As a result, the 911 call was noted to be unfounded.
|sIn his sole assignment of error, defendant argues that the trial court erred in allowing the introduction of other crimes evidence under La. C.E. art. 404B(1).
Prior to trial, the State filed a Notice of Intent to Use Evidence of Other Crimes, seeking to introduce evidence of prior bad acts or crimes at trial, which it contended defendant committed upon Ms. Wells in the years leading up to the offense for which he was currently charged. Specifically, the State sought to introduce evidence of an altercation in August of 2005, in which defendant pushed Ms. Wells and told her, “[I]f I can’t have you no one can.” The State also sought to introduce evidence of a February 2006 guilty plea for domestic assault on Ms. Wells. The trial judge granted the State’s 404B(1) motion. Defendant now contends that the court erred in allowing the introduction of these previous domestic disputes between him and Ms. Wells, which he maintains served no purpose other than to portray him in the worst possible light as a man of bad character. Defendant also argues that this error was not harmless.
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. All relevant evidence is admissible except as otherwise provided by positive law. Evidence which is not relevant is not admissible. La. C.E. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of *1160 time. La. C.E. art. 403. Evidence of other crimes or bad acts committed by a criminal defendant is generally not admissible at trial. La. C.E. art. 404B(i); State v. Prieur, 277 So.2d 126, 128 (La.1973). However, when such evidence tends to prove a material fact and has independent relevance other than showing that the defendant is of bad 1 ficharacter, it may be admitted by certain statutory and jurisprudential exceptions to the exclusionary rule. State v. Aleman, 01-743 (La.App. 5 Cir. 1/15/02), 809 So.2d 1056, 1065, writ denied, 02-481 (La.3/14/03), 839 So.2d 26.
La. C.E. art. 404B(i) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In order for evidence of other crimes or past acts to be admitted, certain requirements must be met. First, one of the factors enumerated above must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible. State v. Jackson, 625 So.2d 146, 149 (La.1993). Second, the State must prove that the defendant committed the other acts by a preponderance of the evidence. Huddleston v. U.S., 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988); State v. Hernandez, 98-448 (La.App. 5 Cir. 5/19/99), 735 So.2d 888, 898-99, writ denied, 99-1688 (La.11/12/99), 750 So.2d 194. Third, the requirements for admission of such evidence, set forth in State v. Prieur, 277 So.2d 126, 130 (La.1973), must be met. These requirements are that within a reasonable time before trial, the State must furnish to the defendant a written statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. In the written statement, the State must specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses. Finally, the probative value of such evidence must be weighed against its 17prejudicial effect. State v. Lisotta, 97-406 (La.App. 5 Cir. 2/25/98), 712 So.2d 527, 530.
 The burden is on the defendant to show that he was prejudiced by the trial court’s admission of evidence of other crimes, wrongs, or acts. State v. Temple, 01-655 (La.App. 5 Cir. 12/12/01), 806 So.2d 697, 709, writ denied, 02-234 (La.1/31/03), 836 So.2d 58. Absent an abuse of discretion, a trial court’s ruling on the admissibility of evidence pursuant to La. C.E. art 404B(i) will not be disturbed. State v. Williams, 02-645 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 507, writ denied, 02-3182 (La.4/25/03), 842 So.2d 398.
Evidence of other crimes, wrongs or acts may also be introduced to establish proof of motive. For evidence of motive to be independently relevant, it must be factually peculiar to the victim and the charged crime. State v. Lafleur, 398 So.2d 1074, 1080 (La.1981). Additionally, in a case in which the State sought to elicit testimony as to defendant’s motive, the Louisiana Supreme Court observed, “Clearly, evidence that defendant and his ex-wife, the person to whom defendant’s *1161 alleged criminal conduct was directed, had had a poor marital relationship and that defendant had a bad temper was relevant as tending to show the commission of the offense ...” State v. Walker, 394 So.2d 1181, 1184 (La.1981). See also State v. Welch, 615 So.2d 300, 303 (La.1993), in which the court said:
[T]he state could not place the circumstances of the offense in their proper context without reference to the nature of the relationship existing between the victim and the defendant ... The primary purpose of the evidence [of prior acts of violence or threats of violence] was not to prove Welch’s bad character but to illustrate the volatile nature of his relationship with the victim.
In this case, defendant’s prior acts of domestic abuse against Ms. Wells were independently relevant to show the volatile nature of the relationship between him and the victim. The evidence reflects that, in each of the prior offenses, defendant | ^assaulted Ms. Wells after accusing her of infidelity. In this case, defendant physically assaulted Ms. Wells after accusing her of having an affair. Thus, the State could not place the circumstances of the offense in their proper context without reference to the nature of the relationship existing between defendant and Ms. Wells. See also State v. Cotton, 07-782 (La.App. 5 Cir. 2/19/08), 980 So.2d 34, 44, writ denied, 08-0603 (La.10/3/08), 992 So.2d 1010 and State v. Adams, 11-980 (La.App. 5 Cir. 4/24/12), 89 So.3d 435, writ denied, 12-1629 (La.4/19/13), 111 So.3d 1027.
We find that the other crimes evidence introduced at trial was substantially relevant to show defendant’s motive, or his reason to commit the charged offenses. “For evidence of motive to be independently relevant, it must be factually particular to the victim and the charged crime.” State v. Rose, 06-0402 (La.2/22/07), 949 So.2d 1236, 1244. The evidence of defendant’s prior acts toward the victim places the circumstances of the current offenses within the proper context with regards to the relationship between them. Furthermore, the primary purpose of the evidence was not to prove defendant’s bad character, but was independently relevant to illustrate the volatile nature of his relationship with the victim. Thus, the evidence demonstrated a pattern of defendant’s verbal, physical and emotional abuse with respect to the victim.
We also note that the trial judge gave the jury a limiting instruction that the evidence of other crimes was to be used only “to show the defendant’s intent, system, motive, or identity.”
Considering that the record demonstrates that the other crimes are highly probative of the volatile relationship between the victim and defendant, and the similarity of the abusive pattern of conduct by the defendant toward the victim, we conclude that the probative value of the “other crimes” evidence outweighed its 1 ^prejudicial effect, and thus the trial court did not err in allowing its admission into evidence. We therefore find defendant’s assignment of error to be without merit.
We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which merit corrective action.
For the above discussed reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED