CHAISSON, J.
Defendant, Ronald Mitchell, appeals his convictions and sentences for second degree murder and possession of a firearm by a convicted felon. On appeal, defendant contends that the trial court erred in allowing the admission of other crimes evidence at trial. For the reasons that follow, we find no merit to defendant's argument, and accordingly, we affirm his convictions and sentence.
PROCEDURAL HISTORY
On March 16, 2017, the Jefferson Parish Grand Jury returned an indictment charging defendant with second degree murder, in violation of La. R.S. 14:30.1 (count one), and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count two).[1] On March 28, 2017, defendant was arraigned and pled not guilty.
On January 9, 2018, the matter proceeded to trial and continued until January 12, 2018, when the jury returned a verdict of guilty as charged on both counts. On January 25, 2018, the trial court sentenced defendant to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on count one and twenty years at hard labor without benefit of probation, parole, or suspension of sentence and a $1,000.00 fine on count two.
Defendant now appeals.
FACTS
In the present case, it is uncontested that defendant shot and killed his ex-wife, Derice Bailey, on the evening of December 2, 2016, following an argument about the *970 victim's alleged infidelities.[2] According to evidence presented at trial, at approximately 6:04 p.m., Emilda Hamilton, a friend of the victim, received a Facebook call from the victim. Upon answering the call, Ms. Hamilton heard "tussling" and someone say "Stop!" "Get off of me," and "I can't breathe, stop!" Ms. Hamilton immediately contacted another friend, Chantrice Thomas, and asked her to go over to the victim's house because she and defendant were fighting. Ms. Thomas then contacted Daytona Tucker asking her to meet at the house, which was on Aero Street in Metairie. Ms. Tucker arrived first and began talking to Ms. Bailey and defendant. Ms. Thomas then arrived with her son, and the adults talked in the living room about defendant's allegation that the victim was cheating on him.
According to testimony at trial, the situation appeared to have settled down, and Ms. Tucker planned to bring defendant to his mother's house. At some point, defendant walked to the back of the house, returned with a gun, and forced Ms. Tucker, Ms. Thomas, and her son out of the house. Ms. Thomas immediately called 9-1-1.
Deputy Christopher Ohlmeyer with the Jefferson Parish Sheriff's Office responded to the call, and upon arrival to the area, he encountered Ms. Thomas, who advised him of the situation. As Deputy Ohlmeyer approached the front door of the house, he heard two gunshots. Shortly after the shots were fired, defendant exited the front door with his hands in the air.
Deputy Daniel Whamond, another responding officer, handled defendant while Deputy Ohlmeyer entered the residence and observed the deceased victim, Derice Bailey, laying on the floor in the kitchen. The victim's daughter, Derion Bailey, and son, Ronald Mitchell Jr., were also inside.[3] Derion was near the kitchen area, visibly shaken, and was heard screaming, "why daddy, why did you kill mama?" Ronald was also visibly upset and screaming that defendant had killed his mother. While inside the home, police discovered a small black revolver, three live rounds, two spent casings, and a projectile, which were secured and collected as part of the investigation.
Defendant was transported to the detective bureau, and after being advised of his rights, gave a statement to Detective Jean Lincoln. In his statement, defendant admitted that he shot the victim twice with a revolver. Defendant confirmed that the two had been arguing for several days over messages he found from Cornell Anderson, whom he believed the victim had dated when they were separated. Defendant admitted that earlier that day, he snorted heroin and retrieved a black revolver that he hid at an abandoned house in case he had to protect himself from the individual with whom Ms. Bailey was allegedly having an affair. He claimed that Ms. Bailey had indicated that this individual wanted to protect her from defendant and would harm defendant. Defendant also admitted that during the conversation that evening, he became angry that the victim continued to lie to him about her cheating.
*971 Defendant said that at one point, he looked out the window, saw the police coming towards the house, and shot his wife since he figured he was going to prison for a long time anyway because he was a felon in possession of a firearm.
ADMISSION OF OTHER CRIMES EVIDENCE
In his sole assigned error on appeal, defendant asserts that the trial court erred in allowing the admission at trial of several prior incidents of domestic abuse between himself and the victim as other crimes evidence under La. C.E. art. 404(B).
Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404(B)(1) ; State v. Prieur , 277 So.2d 126, 128 (La. 1973). However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. State v. Williams , 10-51 (La. App. 5 Cir. 7/27/10), 47 So.3d 467, 474. Evidence of other crimes is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding to such an extent that the State could not accurately present its case without reference to the prior bad acts. La. C.E. art. 404(B)(1) ; State v. Lawson , 08-123 (La. App. 5 Cir. 11/12/08), 1 So.3d 516, 525.
In order for other crimes evidence to be admitted under La. C.E. art. 404(B)(1), one of the factors enumerated in the article must be at issue, have some independent relevance, or be an element of the crime charged. Lawson , 1 So.3d at 525. Moreover, the probative value of the extraneous evidence must outweigh the prejudicial effect. La. C.E. art. 403. The burden is on the defendant to show that he was prejudiced by the admission of the other crimes evidence. Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La. C.E. art 404(B)(1) will not be disturbed. State v. Granger , 12-193 (La. App. 5 Cir. 10/30/12), 103 So.3d 576, 589, writ denied , 12-2587 (La. 4/26/13), 112 So.3d 840.
On December 22, 2017, the State filed its "Notice of Intent to Introduce Evidence of Other Acts" in accordance with State v. Prieur , supra. The State alleged that defendant had a lengthy history of domestic abuse of the victim and sought the introduction of several prior incidents to show intent, motive, plan, preparation, knowledge, opportunity, and lack of mistake or accident under La. C.E. art. 404(B) for the charge of second degree murder. The State also alleged that the evidence was admissible under La. C.E. art. 412.4 as evidence of defendant's prior abusive behavior against the victim, a family or household member, and relevant as they involved the same parties and demonstrated the volatile nature of the relationship between the victim and defendant.
Specifically, the State sought the introduction at trial of the following incidents: on November 11, 2007, defendant grabbed the victim by the hair and slammed her to the floor, left the home, and then threatened the victim on her cell phone. A temporary restraining order and protective order were issued as a result, and defendant pled guilty to committing acts of domestic violence and battery; on November 24, 2008, defendant chased the victim with a brick and threatened to beat her in the presence of Derion, her minor child. Defendant was arrested, and a protective order was issued. Defendant subsequently pled guilty to aggravated assault; on *972 March 30, 2012, defendant went to the victim's work place, slapped her, and threatened to kill her. Defendant was arrested for domestic abuse battery, but the charge was refused; on May 21, 2015, the victim called the police and reported that defendant had punched her in the face several times and threatened her with a knife. Derion witnessed that incident, and defendant was arrested on a warrant. Defendant was charged with domestic abuse battery, and the matter was pending at the time of the victim's murder; on July 1, 2015, the victim called the police and reported that defendant had kicked her in the side and punctured her tires. While the police were speaking with the victim, defendant sent a text message to the victim, indicating that he was preparing himself to serve a life sentence. Defendant was charged with harassing phone calls, and a protective order was issued. That matter was also pending at the time of the victim's murder.
A Prieur hearing was held in January of 2018. At that time, the State introduced into evidence, and the trial court admitted, the fifteen exhibits attached to its notice of intent. Following the admission of the evidence, the State argued that it had met the notice requirement of Prieur and restated, as was set forth in its notice of intent, that the evidence was admissible under La. C.E. art. 404(B) for the purposes of showing preparation, knowledge, lack of mistake or accident, and most importantly, for specific intent and motive and under La. C.E. art. 412.4 to show defendant's abusive history towards the victim. Further, the State argued that the probative value outweighed the prejudicial effect as it would allow the jury to hear the escalation of abuse and domestic violence prior to the date of the victim's death and to rebut any potential allegations of self-defense.
In response, defendant argued that the fifteen exhibits admitted would only inflame the jury and lead the jury to think he was a "horrible person." Defendant argued that even in light of La. C.E. art. 412.4, the evidence was overly prejudicial. After considering the arguments of counsel, the trial court granted the State's notice of intent to introduce evidence of other crimes. Pursuant to this ruling, the State, at trial, presented witness testimony and evidence concerning the prior incidents of abuse between defendant and the victim.
Defendant now challenges this ruling. He argues that there was no valid basis for admitting this prejudicial evidence as it was not relevant to any genuine issues in this case. Particularly, he points out although the evidence was offered purportedly to show intent, motive, plan, knowledge, opportunity, and lack of accident or mistake for the charge of second degree murder, there was no assertion that the shooting was accidental or that he was not the shooter. As such, defendant maintains that the probative value of this evidence was entirely lacking, and its admission at trial severely prejudiced him.
Having considered defendant's arguments in light of the applicable law, we find that the trial court did not abuse its discretion in allowing the admission at trial of the prior incidents of domestic abuse between defendant and the victim. See La. C.E. arts. 404(B)(1) and 412.4.[4]
*973 This Court has consistently upheld the admission at trial of similar other crimes evidence. For example, in State v. Adams , 11-980 (La. App. 5 Cir. 4/24/12), 89 So.3d 435, 445, writ denied , 12-1629 (La. 4/19/13), 111 So.3d 1027, this Court found that the trial court did not err in allowing the admission of evidence of five instances of domestic abuse, battery, and threats involving the defendant and the victim, who had been involved in a romantic relationship, pursuant to La.C.E. art. 404(B)(1). This Court determined that the other crimes evidence was substantially relevant for showing the defendant's motive for the charged offenses. Further, this Court noted that the State could not have placed the circumstances of the offenses in their proper context without reference to the nature of the relationship existing between the victim and the defendant. In addition, this Court determined that the primary purpose of the evidence was not to prove the defendant's bad character but to illustrate the volatile nature of his relationship with the victim.
In State v. Marshall , 13-233 (La. App. 5 Cir. 10/30/13), 128 So.3d 1156, 1161, this Court found that the defendant's prior acts of domestic abuse against the victim were independently relevant to show the volatile nature of their relationship as well as the defendant's motive. This Court further noted that the State could not place the circumstances of the offense in their proper context without reference to the nature of the relationship existing between the defendant and the victim. See also State v. Granger , 103 So.3d at 591-92, and State v. Cotton , 07-782 (La. App. 5 Cir. 2/19/08), 980 So.2d 34, 44, writ denied , 08-603 (La. 10/3/08), 992 So.2d 1010.
Likewise, in the instant case, we find that the prior incidents of domestic abuse between defendant and the victim were highly relevant to show defendant's motive for committing the crime. Defendant himself indicated that he became angry over his belief that the victim was cheating on him. Further, his prior acts toward the victim placed the shooting on December 2, 2016, in its proper context and demonstrated to the jury the nature of the parties' relationship. Also, the purpose of the evidence was independently relevant to illustrate their volatile relationship and the pattern of abuse, and thus, the probative value outweighed the prejudicial effect. It is also noted that the trial judge gave a limiting instruction to the jury prior to its deliberation.
Based on the foregoing, we find no abuse of discretion in the trial court's admission of the prior incidents of domestic violence. Nevertheless, even if improperly admitted, an improper reference to other crimes evidence is subject to the harmless error rule. The test for determining harmless error is whether the verdict actually rendered in the case was surely unattributable to the error. State v. McGowan , 16-130 (La. App. 5 Cir. 8/10/16), 199 So.3d 1156, 1161-62.
In the instant case, even without the admission of the prior incidents of domestic abuse, the evidence presented by the State was clearly sufficient to prove defendant's guilt of murdering the victim by shooting her twice in their home and in the presence of their children. The jury heard defendant's own admission that he shot the victim twice, and both Derion and Ronald Jr., who witnessed the shooting, recounted that defendant shot and killed the victim. Several of the parties' friends were aware that the two had a history of *974 domestic violence, and they were fighting over defendant's belief that the victim was cheating on him in the days leading to the shooting. Therefore, given this abundance of evidence, the guilty verdict of second degree murder rendered in this case was surely unattributable to any alleged error in in admitting the prior incidents of abuse.
In light of the foregoing, we find no merit to the arguments advanced by defendant in this assigned error.
ERRORS PATENT REVIEW
We have also reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). In the present case, the transcript reflects that the trial court failed to advise defendant of the prescriptive period for filing an application for post-conviction relief as required by La. C.Cr.P. art. 930.8. By means of this opinion, we correct this error and inform defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. State v. Oliver , 14-428 (La. App. 5 Cir. 11/25/14), 165 So.3d 970, 978, writ denied , 14-2693 (La. 10/9/15), 178 So.3d 1001.
Accordingly, for the reasons set forth herein, defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED

At trial, the parties stipulated that defendant had a 2003 conviction for simple robbery in 24th Judicial District Court case number 03-1361.

In the statement given to police, defendant provided that he and the victim were in a relationship since 1999, were married in 2013, and were divorced in 2015. They were living together with their two children at the time of this incident, as they had recently reunited.

Both children gave forensic interviews and testified at trial regarding the circumstances surrounding the December 2, 2016 shooting of their mother. The children confirmed that Ms. Bailey and defendant had been arguing about text messages she had received, and that defendant shot their mother two times despite their pleas not to shoot her.

In his appellate brief, defendant's challenges to the admissibility of the other crimes evidence is based on La. C.E. art. 404(B)(1). We note that the evidence of the prior incidents of domestic abuse was also properly admitted pursuant to the provisions of La. C.E. art. 412.4, which specifically provides that when an accused is charged with a crime involving abusive behavior against a family or household member, evidence of the accused's commission of another crime, wrong, or act involving assaultive behavior against a family or household member may be admissible and may be considered for its bearing on any matter to which it is relevant, subject to the balancing test provided in La. C.E. art. 403.