STATE OF LOUISIANA

VERSUS

CODY BREAUX

NO. 22-K-581

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-2923, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

May 10, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED; REMANDED**
    **SJW**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand

COUNSEL FOR DEFENDANT/RESPONDENT,
CODY BREAUX
    A. Bruce Netterville

**WINDHORST, J.**

The State of Louisiana seeks review of the trial court's November 28, 2022 ruling denying the State's "Notice of Intent to Introduce Evidence under La. C.E. art. 412.4 or in the Alternative 404 B" (collectively, "the State's motion").[1] For the following reasons, we reverse the trial court's ruling denying the State's motion to introduce evidence pursuant to La. C.E. arts. 412.4 and 404 B, grant the State's motion, and remand for further proceedings.

**PROCEDURAL HISTORY and FACTS**

On July 2, 2022, the Jefferson Parish Sheriff's Office ("JPSO") responded to a disturbance at 804 Lander Street in Bridge City. Upon arrival, defendant, Cody Breaux, informed the officers that he and his fiancé, the victim, had an argument and he wanted her removed from his residence. The officers met with the victim and immediately noticed black markings on her face. The victim told the officers that she was attempting to gather her belongings to leave the residence and called her father for assistance. She informed the officers that defendant became irate and threw her belongings across the residence. As she was walking down the hallway with her 18-month-old son in her arms, defendant grabbed her by the neck and squeezed causing her to have difficulty breathing. She stated that her father called the police. Defendant then pushed her to the ground and released his grasp on her neck. The victim voluntarily provided the officers with a written statement of the incident and informed them that she wanted to press charges against defendant. Based on this information, the officers arrested defendant.

On August 5, 2022, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant with domestic abuse battery by strangulation in

---

[1] The State filed a "Notice of Intent to Introduce Evidence under La. C.E. art. 412.4 or in the Alternative 404 B," which was set for hearing upon defendant's filing of an opposition to "the State's Motion." The minute entry of the 11/28/2022 hearing refers the matter before the court as the State's 404B Motion. For consistency, we will likewise refer to the matter upon which the trial court ruled as "the State's motion."

22-K-581                                           1

violation of La. R.S. 14:35.3 L (count one), and domestic abuse battery, in the presence of a child under thirteen in violation of La. R.S. 14:35 I (count two). Defendant pled not guilty at his arraignment.

On October 25, 2022, the State filed a notice of intent seeking to introduce a prior domestic abuse incident as evidence under La. C.E. art. 412.4 or alternatively, under La. C.E. art. 404 B. According to the notice of intent, on March 22, 2020, the JPSO responded to a domestic disturbance at 804 Lander Street in Bridge City involving defendant and the same victim in this case. In the prior incident, the victim's mother reported to officers that she was assisting the victim, who was attempting to gather her belongings and leave the residence, when an argument occurred between defendant and the victim. Defendant became angry and violent and he poured radiator fluid on the victim and threw a can of beer at her. While officers were interviewing the victim's mother, defendant walked outside and screamed "profanity laced insults" at the victim's mother and the officers. The officers attempted to calm defendant, who was causing visible "public alarm." The officers spoke with the victim, who was visibly upset and appeared scared. The victim relayed to officers details regarding the incident and the officers observed that the victim's shirt was wet and discolored at the bottom. The officers took photographs of the victim. The victim refused medical treatment and advised that she did not want to pursue charges against defendant. Due to the victim's emotional state and her scared appearance, the officers arrested defendant.

In the notice of intent, the State asserted that the March 22, 2020 incident is relevant under La. C.E. art. 412.4 to show defendant's domestic violence, in particular, defendant's violence toward the same dating partner/household member, his live-in fiancé, the victim. The State contended that the prior incident shows defendant's specific intent to use force or violence on his dating partner/household member at the slightest irritation and that he uses his dating partner "as a medium

for his escalating anger." The State also averred that the prior incident is admissible under La. C.E. art. 404 B. The State asserted that the prior incident shows defendant's intent to harm his dating partner "at any mere altercation." The State contended that defendant has a "modus operandi of violently beating" or assaulting the victim "at his every frustration" and there "is a pattern that is free of mistake or accident as to how the defendant viciously treats this dating partner during minor arguments." In support of its notice, the State attached the police reports from the current charge and the prior incident on March 22, 2020.

In opposition, defendant filed a memorandum in support of dismissing the State's motion. Defendant asserted that the March 22, 2020 incident was a "false charge." He stated that he was falsely arrested and that the State refused the charge. Defendant also argued that an unauthenticated police report is not sufficient evidence at trial and the March 22, 2020 incident should not be admissible. In support of his opposition, defendant attached an affidavit from the victim stating that the March 22, 2020 report was false regarding an alleged battery on her.

On November 28, 2022, during the evidentiary hearing, the State asserted that its burden for admitting evidence at this hearing versus admitting evidence at trial is very different. The State emphasized that it had "zero intentions of just offering a police report at trial; that's not what the State intends to do," however, for the purpose of the article 412.4 and/or article 404 B hearing, its burden was met by submitting the police report. The State contended that even though it ultimately refused the charge against defendant, the prior incident is still admissible under the law. The State further argued that the victim's affidavit recanting her statement goes to the weight of the evidence, not the admissibility of the evidence.

The trial court questioned the State as to whether the conflicting evidence or versions of events (*i.e.*, her initial statement in police report versus her affidavit recanting) should go to the trier of fact and why the State did not ultimately prosecute

defendant if it "felt so strongly that what she put in this affidavit was false versus what she told police." The State informed the trial court that the facts and evidence in this case are similar to the facts and evidence in the prior incident. The State averred that "victims don't make the best choices ultimately to protect themselves" and that the State was attempting to protect the victim in this case. The State asserted that it was up to the trier of fact to weigh the evidence as to the victim's initial report and her recantation, and that for the purpose of this motion, the State had met its burden. At the conclusion of the hearing, the trial court denied without reasons the State's motion, noting the State's objection. The State filed the instant writ application.

**DISCUSSION**

In this writ application, the State contends that the trial court erred in denying its motion to introduce evidence of the March 22, 2020 incident. The State asserts that the March 22, 2020 incident is admissible under La. C.E. art. 412.4 and La. C.E. art. 404 B. The State contends that the victim's recantation of the prior incident and the State's refusal to charge defendant are irrelevant, and under the law, neither circumstance precludes the use of the March 22, 2020 incident.

The State asserts that in the instant case, defendant is accused of battering his live-in fiancé during an argument in which she was gathering her belongings to leave the residence, while her father was present. The State submitted evidence that defendant previously battered/assaulted the same victim on March 22, 2020 during an argument in which the victim was gathering her belongings to leave the residence, while her mother was present. The State argues that "other crimes" evidence has been found to be admissible where the defendant was never charged, prosecuted, or convicted, and even in cases where the defendant was acquitted. The State also contends that the victim's affidavit recanting the prior alleged domestic abuse incident goes to the weight of the evidence, not its admissibility. The State avers

22-K-581                                    4

that the March 22, 2020 police report reflects that the victim and her mother informed the officers about the domestic abuse and the victim's recantation is a question of credibility for the trier of fact.

The State asserts that La. C.E. art. 412.4 allows the admission of this prior abusive/assaultive behavior by defendant against the same victim. The State contends that pursuant to <u>Jones v. State</u>, 22-269 (La. App. 5 Cir. 07/06/22), 346 So.3d 339, 345, this prior bad act of domestic abuse is admissible under La. C.E. art. 412.4 for "any relevant purpose, including the defendant's character and his acts in conformity therewith, subject only to the balancing test established by La. C.E. art. 403" and the "admissibility of evidence under this article is not limited to those actions that are identical or even similar in nature to the charged crime." The State argues that it is seeking to admit evidence of a prior domestic abuse committed by defendant against the same victim under the same circumstances (*i.e.*, the victim attempting to gather her belongings to leave the residence, triggering defendant's "rage.") and therefore, the evidence is clearly admissible under La. C.E. art. 412.4.[2]

The State contends that although this court does not need to reach this issue, the March 22, 2020 incident is also admissible under La. C.E. art. 404 B. The prior incident is admissible to show defendant's intent to harm his dating partner or household member, modus operandi and pattern, and to show absence of mistake or accident.

In opposition, defendant contends that the trial court did not err in denying the State's motion to introduce defendant's "prior unadjudicated, false accusation of domestic violence that allegedly occurred on March 22, 2020." Defendant claims that the trial court did not abuse its discretion in denying the State's request to introduce an unauthenticated police report with no corroborating evidence to prove

---

[2] In its brief, the State asserts that despite defense counsel's assertions to the contrary, it does not seek to introduce the police report as evidence at trial, and that this was clearly stated at the hearing. The State also acknowledges that at trial it is bound by the Louisiana Code of Evidence, as is the trial court.

that defendant is of bad character and acted in conformity with the current charges against him. Specifically, defendant argues that the State has not shown any prior conviction or an incident that the State as proven an independent and relevant reason for its admissibility. Defendant contends that the police report is discredited and proven false by the victim's affidavit, wherein she recanted that the March 22, 2020 incident occurred and therefore, the State did not provide sufficient evidence to show the prior act occurred. Defendant avers that "[e]ven though a police report is sufficient for a Priur [*sic*] hearing it does not make it sufficient for trial purposes." Consequently, defendant argues that after reviewing the police report and the victim's affidavit, the trial court correctly decided not to permit the prior incident into evidence.

**Law and Analysis**

In this review, we address only whether evidence of a past crime, wrong, or act, alleged to have occurred on March 22, 2020 and which is the subject of the police report introduced at the hearing, may be admitted into evidence at trial under the provisions of La. C.E. arts. 412.4 or 404 B, provided that competent and otherwise admissible evidence of the alleged incident is offered by the State.

A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. State v. Ard, 20-221 (La. App. 5 Cir. 04/28/21), 347 So.3d 1046; State v. Kiger, 13-69 (La. App. 5 Cir. 10/30/13), 128 So.3d 552, 557. The fundamental rule in Louisiana governing the use of other crimes, wrongs, or acts is that such evidence is not admissible to prove that the accused committed the charged crime because the defendant committed other such crimes in the past. State v. Williams, 09-48 (La. App. 5 Cir. 10/27/09), 28 So.3d 357, 363, writ denied, 09-2565 (La. 05/07/10), 34 So.3d 860; see also, La. C.E. art. 404 B(1). Evidence of other crimes, wrongs or acts committed by a defendant is generally not admissible because of the

"substantial risk of grave prejudice to the defendant." State v. Prieur, 277 So.2d 126, 128 (La. 1973).

Although the State may not admit evidence of other crimes to prove defendant is a person of bad character, evidence of prior crimes may be admitted pursuant to specific statutory and jurisprudential exceptions to the exclusionary rule when it tends to prove a material issue and has independent relevance. La. C.E. art. 404 B(1); State v. Evans, 19-237 (La. App. 5 Cir. 06/03/20), 298 So.3d 394, 401-402; State v. Brown, 17-348 (La. App. 5 Cir. 12/20/17), 235 So.3d 1314, 1322, writ denied, 18-158 (La. 11/05/18), 256 So.3d 276, cert. denied, — U.S. —, 139 S.Ct. 2033, 204 L.Ed.2d 233 (2019); State v. Joseph, 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, 1046, writ denied, 17-77 (La. 04/07/17), 218 So.3d 109 (Under La. C.E. art. 404 B, evidence of other crimes, wrongs or acts is allowed to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct, formerly referred to as *res gestae*, that constitutes an integral part of the act or transaction that is the subject of the present proceeding.)

La. C.E. art. 412.4[3] is such an exception and it provides in pertinent part:

> A. When an accused is charged with a crime involving abusive behavior against a family member, household member, or dating partner or with acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving assaultive behavior against a family member, household member, or dating partner or acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, may be admissible and may be considered for its bearing on any matter to which it is relevant, subject to the balancing test provided in Article 403.

---

[3] La. C.E. art. 412.4 was enacted by 2016 La. Acts 399, §1, and amended to encompass abusive behavior against dating partners by 2017 La. Acts 84, §4, effective on August 1, 2017. The article was amended again by Acts 2020, No. 101, §3. Prior to the enactment of this article, courts upheld the admissibility of domestic abuse evidence under La. C.E. art. 404 B. See State v. Marshall, 13-233 (La. App. 5 Cir. 10/30/13), 128 So.3d 1156; State v. Granger, 12-193 (La. App. 5 Cir. 10/30/12), 103 So.3d 576, writ denied, 12-2587 (La. 04/26/13), 112 So.3d 840; State v. Adams, 11-980 (La. App. 5 Cir. 04/24/12), 89 So.3d 435, writ denied, 12-1629 (La. 04/19/13), 111 So.3d 1027; State v. Cotton, 07-782 (La. App. 5 Cir. 02/19/08), 980 So.2d 34, 44, writ denied, 08-603 (La. 10/03/08), 992 So.2d 1010; State v. Rose, 06-402 (La. 02/22/07), 949 So.2d 1236; State v. Welch, 615 So.2d 300 (La. 1993).

B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.

\* \* \*

D. For purposes of this Article:

(1) "Abusive behavior" means any behavior of the offender involving the use or threatened use of force against the person or property of a family member, household member, or dating partner of the alleged offender.

(2) "Dating partner" means any person who is involved or has been involved in a sexual or intimate relationship with the offender characterized by the expectation of affectionate involvement independent of financial considerations, regardless of whether the person presently lives or formerly lived in the same residence with the offender. "Dating partner" shall not include a casual relationship or ordinary association between persons in a business or social context.

\* \* \*

(4) "Household member" means any person presently or formerly living in the same residence with the offender and who is involved or has been involved in a sexual or intimate relationship with the offender, or any child presently or formerly living in the same residence with the offender, or any child of the offender regardless of where the child resides.

Under La. C.E. art. 412.4, evidence of prior domestic abuse is allowed in cases that involve abusive behavior against a dating partner or household member. The admissibility of evidence under this article is not limited to those actions that are identical or similar in nature to the charged crime. Ard, 347 So.3d at 1056-1057; State v. Thomas, 19-582 (La. App. 5 Cir. 07/29/20), 300 So.3d 517, 527, writ denied, 20-1503 (La. 03/02/21), 311 So.3d 1053; State v. Gatson, 21-156, 21-157 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1038. In Jones, *supra*, this court held that when a defendant is charged with a crime involving domestic abusive behavior, as statutorily defined, La. C.E. art. 412.4 authorizes the admission of evidence of a defendant's prior acts of domestic abusive behavior, as statutorily defined, against any other domestic abuse victim, as defined in La. C.E. art. 412.4. Jones, 346 So.3d at 348. Under La. C.E. art. 412.4, evidence of prior acts of domestic abuse is

admissible if relevant and the probative value outweighs the prejudicial effect. Ard, 347 So.3d at 1056; Thomas, 300 So.3d at 527; La. C.E. arts. 412.4, 401, and 403.

La. C.E. art. 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In deciding the issue of relevancy, the trial court must determine whether the evidence bears a rational connection to the facts at issue in the case. Thomas, 300 So.3d at 527. Under La. C.E. art. 403, evidence may be excluded, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

However, any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. State v. Rodgers, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1201, writs denied, 16-2189 (La. 9/15/17), 225 So.3d 479 and 16-2093 (La. 1/29/18), 235 So.3d 1104. Prejudice limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. Id.; Thomas, 300 So.3d at 527-28. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged. State v. Smith, 19-607, p. 2 (La. App. 5 Cir. 1/21/20), 2020WL356010, writ denied, 20-328 (La. 5/1/20), 295 So.3d 945. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility. Evans, 298 So.3d at 403.

While La. C.E. art. 404 B requires the State to provide the defendant with notice and a hearing before trial if it intends to offer such evidence,[4] there is nothing in the language of La. C.E. art. 412.4 that requires a pretrial hearing. State v. Tate, 20-523 p. 9 (La. App. 1 Cir. 04/16/21), 2021WL1478325 (unpublished opinion) (not designated for publication), writ denied, 21-690 (La. 09/27/21), 324 So.3d 92. Regarding notice, La. C.E. art. 412.4 B uses identical notice language provided in La. C.E. art. 412.2 B, which allows other crimes evidence in sex offense cases. Id. The notice language in both articles provides: "In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes." Id.; La. C.E. arts. 412.2 and 412.4.

In State v. Wright, 11-141 (La. 12/06/11), 79 So.3d 309, 317, the Louisiana Supreme Court remarked that La. C.E. art. 412.2 was enacted to "loosen restrictions on 'other crimes' evidence." Therefore, the Supreme Court held that pursuant to La. C.E. art. 412.2, evidence of a prior sexual offense indicating that the defendant has a lustful disposition toward children is admissible if relevant and if the probative value outweighs the prejudicial effect. Id. Considering the similarity between La. C.E. arts. 412.2 and 412.4, this court in Thomas, *supra*, held that evidence of prior acts of domestic abuse is admissible under La. C.E. art. 412.4, if relevant and the probative value outweighs the prejudicial effect. Thomas, 300 So.3d at 527.

In order to satisfy La. C.E. art. 404 B for introduction of other crimes, wrongs and acts evidence, the State is only required to make some showing of sufficient evidence to support a finding that the defendant committed the other independently relevant acts. State v. Taylor, 16-1124, 16-1183 (La. 12/01/16), 217 So.3d 283, 291-

---

[4] See La. C.E. art. 404 B; Gatson, 334 So.3d at 1037.

292. Although testimony is not required, it may be necessary depending on the facts of a particular case. Id. at 292. However, at other times the submission of documents, such as a police report or conviction, and a summation of the other crime, wrong, or act will suffice. Id. Sufficiency of the State's evidence must be determined on a case by case basis. Id. In Taylor, the Louisiana Supreme Court stated that the evidentiary rules in pre-trial admissibility determinations are relaxed, and therefore an unauthenticated police report could be sufficient to meet the State's burden. Id. at 294. However, the State is nonetheless mandated to adhere to the rules of evidence when presenting the other crimes evidence at trial. Id. Should the State not properly present otherwise competent evidence at trial, the trial court may exclude the other crimes evidence at that time.

Under La. C.E. arts. 404 B, 412.2, and/or 412.4, it is not necessary for the defendant to have been charged, prosecuted, or convicted of the described "other acts." See Ard, *supra*; Thomas, *supra*; State v. Porter, 19-221 (La. App. 3 Cir. 08/14/19), 279 So.3d 1010, 1021; Wright, *supra*; Gatson, *supra*; Evans, *supra*; State v. Layton, 14-1910 (La. 03/17/15), 168 So.3d 358, 362; State v. Harris, 11-253 (La. App. 5 Cir. 12/28/11), 83 So.3d 269, 280, writ denied, 12-401 (La. 08/22/12), 97 So.3d 376; State v. Simmons, 21-547 (La. App. 4 Cir. 11/24/21), 332 So.3d 158, writ denied, 22-112 (La. 03/15/22), 334 So.3d 397. La. C.E. art. 412.4 is intended to be an exception to La. C.E. art. 404 B(1), which limits the use of other crimes evidence to non-propensity purposes and specifically prohibits evidence that tends to show the defendant's criminal propensity. Simmons, 332 So.3d at 161, *citing* Louisiana Practice Evidence Art. 412.4, Evidence of Similar Crimes, Wrongs, or Acts in Domestic Abuse Cases and Cruelty Against Juveniles Cases (2021 ed.). La. C.E. art. 412.4 permits the admission of other incidents of domestic abuse for *any relevant purpose including the defendant's character and his acts in conformity therewith, subject only to the balancing test established by La. C.E. art. 403.*

[Emphasis added.] <u>Simmons</u>, 332 So.3d at 162; <u>Jones</u>, 346 So.3d at 345; <u>Porter</u>, 279 So.3d at 1021.

Acts of domestic violence are often intended to dissuade a victim from seeking outside help, and include conduct designed to prevent testimony to police officers or cooperation in criminal prosecutions. <u>Giles v. California</u>, 554 U.S. 353, 377, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008). Appellate courts have affirmed convictions for child sexual abuse and domestic violence involving disclosures of abuse followed by a trial recantation based on the jury's decisions to believe the disclosures of abuse and discredit the victim's recantations, finding the jury's verdict to be rational based on the surrounding circumstances and sufficient to find the defendant guilty of the abuse beyond a reasonable doubt. <u>State v. D.D.</u>, 18-891 (La. App. 4 Cir. 12/27/19), 288 So.3d 808, 834-835, <u>writ denied</u>, 20-158 (La. 05/26/20), 296 So.3d 1063; See *e.g.*, <u>State v. Rankin</u>, 42,412 (La. App. 2 Cir. 09/19/17), 965 So.2d 946, <u>writ denied</u>, 07-2067 (La. 03/07/08), 977 So.2d 897; <u>State v. Jones</u>, 48,624 (La. App. 2 Cir. 01/22/14), 132 So.3d 505; <u>State v. Updite</u>, 47,007 (La. App. 2 Cir. 02/29/12), 87 So.3d 257; <u>State v. Alfaro</u>, 13-39 (La. App. 5 Cir. 10/30/13), 128 So.3d 515, <u>writ denied</u>, 13-2793 (La. 05/16/14), 139 So.3d 1024.

Domestic violence cases are "notoriously susceptible to intimidation or coercion of the victim to ensure that she does not testify at trial." <u>Davis v. Washington</u>, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Recantations in domestic cases have been found to be highly suspicious. See <u>D.D.</u>, 288 So.3d at 836; <u>State v. McClain</u>, 04-98 (La. App. 5 Cir. 06/29/04), 877 So.2d 1135, 1142-1143. A victim's recantation at trial requires a credibility determination. <u>D.D.</u>, 288 So.3d at 835.

In this case, the other crimes evidence the State seeks to admit involves a factually similar incident between defendant and the victim in the instant case. The defendant is charged in the instant case with battering his live-in fiancé during an

argument in which she was gathering her belongings to leave the residence, while her father was present. The prior March 22, 2020 incident involves an incident wherein defendant was accused of battering/assaulting his fiancé, the same victim, during an argument in which she was also gathering her belongings to leave the residence, while her mother was present.

Based on the facts and evidence submitted, we find the trial court abused its discretion in denying the admissibility of the March 22, 2020 incident. Recantation by the victim of her prior statement to the police that the March 22, 2020 incident occurred, and/or that the State did not file charges against defendant for the incident, do not alone make evidence of the prior incident inadmissible. We find the March 22, 2020 incident places the current charged offense in its proper context and is independently relevant, not to prove defendant's bad character, but instead to illustrate to the jury the volatile nature of the relationship between defendant and the victim. The evidence is highly probative to establish defendant's aggressive propensities toward the victim during arguments, especially when the victim is attempting to gather her belongings to leave the residence, even in the presence of her parents. Without this background evidence, the defendant's conduct as charged in the current offense may appear to the jury to be an isolated act not attributable to his pattern of aggression towards the victim.

After carefully reviewing the facts and evidence subject to La. C.E. art. 412.4 and La. C.E. art. 403, we find the probative value of the prior incident outweighs any danger of unfair prejudice to defendant and therefore, the prior March 22, 2020 incident is admissible under La. C.E. art. 412.4.[5] We emphasize that while the rules of evidence are relaxed in a pre-trial hearing to determine what evidence may be offered at trial, such as in this case, the State will be required to satisfy all other rules

---

[5] Here, based on the State's arguments at the hearing, it appears that the State intends to call the victim or another witness at trial to testify regarding the incident and that it does not intend to attempt to introduce the police report itself at trial. See State v. Joekel, 19-1735 (La. 01/08/20), 286 So.3d 423, 424 (*per curiam*).

of evidence when presenting the evidence at trial. If the State fails to properly present competent evidence of the March 22, 2020 incident at trial, the trial court may exclude the other crimes, wrongs, or acts evidence at that time. Accordingly, we find that the trial court abused its discretion in ordering exclusion of evidence of the March 22, 2020 incident, pursuant to La. C.E. art. 412.4.[6]

**DECREE**

For the reasons stated herein, we reverse the trial court's ruling which excluded evidence of the prior March 22, 2020 incident; we grant the State's motion to introduce competent and otherwise admissible evidence of the past crime, wrong, or act, alleged to have occurred on March 22, 2020, under the provisions of La. C.E. arts. 412.4 or 404 B; and we remand for further proceedings.

**<u>REVERSED; REMANDED</u>**

---

[6] Although we need not reach this issue, we also find the March 22, 2020 incident is admissible pursuant to La. C.E. art. 404 B. When seeking to introduce evidence pursuant to La. C.E. art. 404 B, the State need only make a showing of sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act. <u>Taylor</u>, 217 So.3d at 291. In <u>Taylor</u>, the Louisiana Supreme Court reaffirmed the admissibility of hearsay at a La. C.E. art. 404 B hearing and found that an unauthenticated police report may be sufficient to sustain the State's burden. We find the unauthenticated police report in this case is sufficient to sustain the State's burden. The March 22, 2020 prior incident shows defendant's intent to harm his live-in fiancé, also the victim in the instant case, establishes his modus operandi and pattern and shows an absence of mistake or accident. Accordingly, we find the trial court abused its discretion in denying the State's notice of intent as to the March 22, 2020 incident.

| | | |
|---|---|---|
| SUSAN M. CHEHARDY<br>CHIEF JUDGE | | CURTIS B. PURSELL<br>CLERK OF COURT |
| | | SUSAN S. BUCHHOLZ<br>CHIEF DEPUTY CLERK |
| FREDERICKA H. WICKER<br>JUDE G. GRAVOIS<br>MARC E. JOHNSON<br>ROBERT A. CHAISSON<br>STEPHEN J. WINDHORST<br>JOHN J. MOLAISON, JR.<br>CORNELIUS E. REGAN, PRO TEM | | LINDA M. WISEMAN<br>FIRST DEPUTY CLERK |
| JUDGES | | MELISSA C. LEDET<br>DIRECTOR OF CENTRAL STAFF |



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 10, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-581**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (RELATOR)     THOMAS J. BUTLER (RELATOR)     A. BRUCE NETTERVILLE (RESPONDENT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(RELATOR)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053